The Honorable David R. Matthews State Representative, District 10 P. O. Box 38 101 Jackson Lowell, Arkansas 72745
Dear Representative Matthews:
This is in response to your request for an opinion regarding whether a county or municipal employee has the right, under the law of the State of Arkansas, to elect to reduce his or her compensation. Based on the following, it is our opinion that state law permits such a plan, with some possible exceptions.
Act 810 of 1987 authorizes employees of cities, counties, and school districts of the state to enter into salary-reduction agreements, for the purpose of participating in "cafeteria" fringe benefit plans. However, Amendment 43 to the Arkansas Constitution provides that salaries of supreme, circuit, chancery and municipal court judges will not be diminished during the term for which they are elected. With the possible exception of circuit, chancery and municipal judges, Arkansas law now provides for "cafeteria plans" to government employees.
Act 810 of 1987 plainly authorizes municipal and county employee participation in "cafeteria" salary-reduction plans. Section 1(b) of the act defines "eligible employee" as full time employees of governmental entities. Further, Section 1(c) defines "governmental entities" to include, among others, "any city" or "any county." A copy of Act 810 of 1987 has been included for your convenience.
Amendment 43 to the Arkansas Constitution provides that the "salaries and expenses of the judges of the supreme court, circuit courts, chancery courts and municipal courts may be increased but not diminished during the term for which such judges are elected. . ." Because the legislature may not enact laws superseding any provision of the Arkansas Constitution, a literal reading of the law would exclude such judges from "cafeteria" salary-reduction plans. However, there is a possibility of avoiding such a constitutional proscription by arguing that the "salary reduction" is not actually a "reduction" but merely a quid pro quo exchange of one form of remuneration for another. This situation would present a case of first impression in Arkansas, and accordingly this office is unable to predict the outcome of a court challenge to salary reduction plans for judges. However, we felt it best to draw this potential problem to your attention.
Your attention is directed to Attorney General's Opinion No.87-03, a copy of which is enclosed for your information. That opinion was drafted prior to the enactment of Act 810 of 1987, and now must be read in light of the new law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Frank J. Wills.